## IN THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STATE AUTO ) | |
| INSURANCE COMPANY ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | |
| v. ) | **Civil Action No.: 2:17-cv-01676** |
|  ) | |
| MAYS AUTO SERVICE, INC., ) | |
| SCOTT D. MAYS, ) | |
| DAVID D. MAYS and ) | |
| BRIAN L. TUCKER, ) | |
| JANE BUTTRAM as personal ) | |
| Representative of the Estate of ) | |
| Margie Smith Lovell and ) | |
| JENNIFER MAMUCUD as personal ) | |
| representative of the Estate of ) | |
| Linda Garrison ) | |
|  ) | |
| **Defendants.** ) | |

## **AMENDED COMPLAINT**

COMES NOW the Plaintiff, State Auto Insurance Companies, and amends its complaint filed before this Honorable Court, to add the following parties as named Defendants in this case, to wit:

Jane Buttram as personal representative of the Estate of Margie Smith Lovell

Jennifer Mamucud as personal representative of the Estate of Linda Garrison

The Plaintiff would further state as follows:

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, State Auto Insurance Companies, and files this complaint for declaratory judgment before this Honorable Court, and would further state as follows:

### **STATEMENT OF JURISDICTION**

1. The Plaintiff, State Auto Insurance Company, is a corporation with its principal place of business in Columbus, Ohio.

2. The Defendant, Mays Auto Service, Inc. is, under information and belief, a corporation organized under the laws of the State of Alabama with its principal office and place of business in Jefferson County, Alabama.

3. The Defendant, Scott D. Mays, is, under information and belief, a resident of Jefferson County, Alabama, and is one of the owners of Mays Auto Service, Inc.

4. The Defendant, David D. Mays, is, under information and belief, a resident of Jefferson County, Alabama, and is one of the owners of Mays Auto Service, Inc.

5. The Defendant, Brian L. Tucker, is, under information and belief, a resident of Jefferson County, Alabama, and is one of the owners of Mays Auto Service, Inc.

6. Jane Buttram as personal representative of the Estate of Margie Smith Lovell is a Plaintiff in the underlying lawsuit filed against State Auto's insured, Mays Auto Service, Inc., in the Circuit court of Jefferson County, Alabama and is, under information and belief, a resident of the State of Alabama.

7. Jennifer Mamucud as personal representative of the Estate of Linda Garrison is a Plaintiff in the underlying lawsuit filed against State Auto's insured, Mays Auto Service, Inc., in the Circuit court of Jefferson County, Alabama and is, under information and belief, a resident of the State of Alabama.

8. State Auto issued a commercial general liability policy to Mays Auto Service, Inc., which provides coverage for personal liability to others in the amount of $1,000,000 for each occurrence, such policy number being BOP 2727358 02.

8. On or about August 8, 2016, the Defendant, Mays Auto Service, Inc., was sued in the Circuit Court of Jefferson County, Alabama, Birmingham Division, by Jennifer K. Mamucud, as the personal representative of the Estate of Linda Garrison

Jones, and by Jane E. Buttram, as the personal representative of the Estate of Margie Dean Lovell, seeking compensatory and punitive damages arising out of an automobile accident that occurred February 8, 2015. Said lawsuit was filed pursuant to the Alabama Wrongful Death statute, §6-5-410 Alabama Code (1975).

10. This court has jurisdiction of this case as the parties are citizens of different states and the amount in controversy exceeds $75,000.

## FACTS

11. On or about January 24, 2015, State Auto Insurance Companies issued a commercial general liability policy to the Defendant, Mays Auto Service, Inc. Said policy of insurance provides coverage for personal liability to others. Said policy is identified by policy number BOP 2727358 02, and is attached hereto as Exhibit A and made a part hereof by reference herein.

12. The aforementioned policy of insurance was in force January 24, 2015, through January 24, 2016.

13. On or about August 8, 2016, the Defendant, Mays Auto Service, Inc., was sued in the Circuit Court of Jefferson County, Alabama, Birmingham Division, by

Jennifer K. Mamucud, as the personal representative of the Estate of Linda Garrison Jones, and by Jane E. Buttram, as the personal representative of the Estate of Margie Dean Lovell, seeking compensatory and punitive damages arising out of an automobile accident that occurred February 8, 2015.

14. In their complaint, the Plaintiffs Mamucud and Buttram claim that Mays Auto Service, Inc., by and through its agents, servants, or employees, were negligent and/or wanton, and that said negligence or wantonness proximately caused or contributed to cause the deaths of Linda Garrison Jones and Margie Dean Lovell by virtue of an automobile accident that occurred on or about February 8, 2015.

15. On or about October 21, 2016, Ms. Buttram and Ms. Mamucud filed an amendment to the complaint adding as a party defendant Scott D. Mays, David D. Mays and Brian L. Tucker, under the theory that Scott Mays, David Mays, and Brian Tucker were owners of Mays Auto Service.

16. The first amended complaint alleges that Scott Mays, David Mays, and Brian Tucker were negligent and/or wanton and that the negligence and/or wantonness of Scott Mays, David Mays and Brian L. Tucker caused or contributed to cause the wrongful death of Linda Garrison Jones and Margie Dean Lovell, deceased.

17. The Plaintiff, State Auto Insurance Companies, is currently providing a defense to Mays Auto Service, Inc., Scott D. Mays, David D. Mays and Brian L. Tucker for the claims of negligence and wantonness brought by the aforementioned complaint filed in the Circuit Court of Jefferson County, Alabama.

18. By this Complaint, the Plaintiff, State Auto Insurance Companies, seeks a declaration as to its rights and legal obligations arising out of the contract of insurance issued by State Auto Insurance Company to May Auto Service, Inc., and would further state as follows:

## COUNT I

The Plaintiff realleges and incorporates the previous paragraphs as if fully set out herein.

19. State Auto Insurance Company's policy of insurance at issue contains an endorsement, identified as BP 04 04C 01 08, entitled Hired Auto and Non-Owned Auto Liability. Said endorsement is separately attached as Exhibit 2.

20. In pertinent part, the Hired Auto and Non-Owned Auto Liability endorsement contains the following language:

A. Insurance is provided only for those coverages for which a specific premium charge is shown in the Declaration or in the Schedule.

1. Hired Auto Liability

The insurance provided under Section 1 – Coverage A Bodily Injury and Property Damage Liability, applies to "bodily injury" or "property damage" arising out of the maintenance or use of a "hired auto" by you or your employees" in the course of your business.

2. Non-Owned Auto Liability

The insurance provided under Section 1 – Coverage A Bodily Injury and Property Damage Liability, applies to "bodily injury" or "property damage" arising out of the use of any "non-owned auto" in your business by any person.

21. Demand has been made on State Auto Insurance Company by Mays Auto Service, Scott Mays, David Mays, and Brian L. Tucker to indemnify them against any claims of the Plaintiffs Mamucud and Buttram and to defend any suits against them filed by either or both of such claimants.

22.  It is the contention of State Auto Insurance Companies that the acts or omissions of the Defendants, Mays Auto Service, Scott Mays, David Mays, and/or Brian L. Tucker, are not covered under the terms, definitions, provisions, and conditions of the policy of insurance issued by State Auto at the time and place of the automobile accident made the basis of the State Court proceeding in Jefferson County, Alabama.

23.  Specifically, State Auto contends that at the time of the subject automobile accident, the vehicle involved in the automobile collision with the deceased Plaintiffs Lovell and Garrison was not being used by State Auto's insureds, Mays Auto Service, Scott Mays, David Mays, or Brian Tucker.

24.  It is the contention of State Auto Insurance Company that at the time of the automobile accident made the basis of the State Court suit pending in Jefferson County, Alabama, that the vehicle involved in the accident with deceased Plaintiffs Lovell and Jones, if being used by State Auto's insureds, or not being used in the business of Mays Auto Service, Inc., an auto service shop.

25.  Accordingly, State Auto contends that it is not obligated to pay any claims or judgments obtained by Plaintiffs Buttram or Plaintiff Mamucud, or both of them,

against Mays Auto Service, Scott Mays, David Mays, and Brian L. Tucker, nor is State Auto Insurance Companies obligated to defend any suits brought against its insureds arising out of the subject automobile collision.

26. It is the contention of the Plaintiff, State Auto Insurance Companies that there is an actual justiciable controversy between the parties regarding the rights, duties, and obligations arising out of the circumstances and transactions as set forth herein. State Auto, in an effort to resolve the aforesaid controversy, and in an effort to protect the rights of the respective parties, seeks a declaration by the Court as to the obligation of State Auto under the terms of the policy of insurance made the basis hereof, and the facts as alleged herein.

These premises considered, State Auto Insurance Company prays that the Court will take jurisdiction of this cause and that all needful process of this court will issue to the parties involved, and they will each be required to plead or answer to the allegations of this Complaint as, by law, they are required to do, and upon a final hearing of this cause, the Court will issue its decree which will judicially determine the following:

A. That State Auto Insurance Companies is under no duty or obligation to pay any judgment or judgments rendered in any lawsuits brought by Jane E. Buttram, as

personal representative of the Estate of Margie Dean Lovell and/or Jennifer K. Mamucud, as personal representative of the Estate of Linda Garrison Jones, or both of them, against Mays Auto Service, Inc., Scott D. Mays, David D. Mays, and Brian L. Tucker, and that State Auto Insurance Companies is under no duty or obligation to defend any such lawsuit or lawsuits.

   B.  The Plaintiff, State Auto Insurance Companies, prays for such other, general and further relief as may be proper in the premises, and offers to do equity before the Court.

                            *s/ Earl T. Forbes*
                            EARL T. FORBES (FOR031)
                            Attorney for Defendant,
                            State Auto Insurance Companies

OF COUNSEL:
**WILMER & LEE, P.A.**
100 Washington Street NE, Suite 200
Huntsville, Alabama 35801
Telephone: (256) 533-0202

## IN THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STATE AUTO INSURANCE COMPANY ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 2:17-CV-01676 |
| MAYS AUTO SERVICE, INC., ) SCOTT D. MAYS, ) DAVID D. MAYS and ) BRIAN L. TUCKER, ) JANE BUTTRAM as personal ) Representative of the Estate of ) Margie Smith Lovell and ) JENNIFER MAMUCUD as personal ) representative of the Estate of ) Linda Garrison ) ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I certify that on January 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties:

Wm. Dudley Motlow, Jr.
Porterfield, Harper, Mills, Motlow
& Ireland, P.A.
22 Inverness Center Parkway  Suite 600
Birmingham, Alabama 35242

                                          **s/ Earl T. Forbes**
                                          OF COUNSEL