# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STATE AUTO INSURANCE COMPANY,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | } Case No.: 2:17-cv-01676-RDP<br>} |
| **MAYS AUTO SERVICE, INC., et al.,** | }<br>}<br>} |
| **Defendants.** | } |

## MEMORANDUM OPINION

This case is before the court on Defendants' Motion to Dismiss (Doc. # 4), Defendants' Motion to Dismiss Amended Complaint (Doc. # 13), and Defendants' Buttram & Mamucud Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings (Doc. # 14). The parties have fully briefed Defendants' initial Motion to Dismiss.[1] (Docs. # 7, 8). The court directed the parties to brief the final Motion to Dismiss in accordance with Exhibit B. (Doc. # 15). Yet, Plaintiff has not responded to the motions filed after it submitted the Amended Complaint. Accordingly, the court finds that the motions are under submission and due to be ruled upon. After careful review, the court concludes that Plaintiff's claims for declaratory relief are due to be dismissed without prejudice for lack of subject matter jurisdiction.

**I.    Background**

Plaintiff issued a commercial general liability policy to Defendant Mays Auto Service, Inc., in January 2015. (Doc. # 10 at ¶ 11). In August 2016, Defendants Jennifer Mamucud and Jane Buttram, who represent the estates of two deceased individuals, filed a wrongful-death suit

---

[1] Although Plaintiff filed an Amended Complaint after the first Motion to Dismiss, the court decided that many of the issues presented in that motion were not mooted by the new complaint. (Doc. # 12). Therefore, the court reviews those issues in this Memorandum Opinion

against Mays Auto Service in Alabama state court for claims arising from an accident that occurred in February 2015. (*Id.* at ¶ 13). In October 2016, Defendants Mamucud and Buttram amended their state-court complaint to include Defendants Scott Mays, David Mays, and Brian Tucker as defendants. (*Id.* at ¶¶ 15-16). Plaintiff is currently providing a defense to Defendants Mays Auto Service, Scott Mays, David Mays, and Brian Tucker (hereinafter "the Mays Auto Defendants") in the state-court action. (*Id.* at ¶ 17).

In Count I of the Amended Complaint, Plaintiff alleges that the commercial insurance policy it issued to Mays Auto covered bodily injury and property damages arising from the maintenance or use of a "hired auto" or a "non-owned auto." (*Id.* at ¶ 20). But, it alleges that the commercial insurance policy does not cover damages arising from the February 2015 accident because the vehicle involved in the accident was not being used by the insured individuals and company. (*Id.* at ¶ 23). In the alternative, it alleges that the policy does not cover damages arising from the accident because the vehicle was not being used "in the business of Mays Auto Service." (*Id.* at ¶ 24). Plaintiff seeks a declaratory judgment that (1) it has no duty to pay a judgment from the state-court action against any of the Mays Auto Defendants, and (2) it has no duty to defend them in the state-court action. (*Id.* at p. 9-10).

## II. Standards of Review

Movants have requested dismissal of this action arguing that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Se. Bank, N.A. v. Gold Coast Graphics Grp. Partners*, 149 F.R.D. 681, 683 (S.D. Fla. 1993) (citing *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981); *Marshall v. Gibson's Prods., Inc. of Plano*, 584 F.2d 668, 671-72 (5th Cir. 1978)).

A Rule 12(b)(1) motion may present a facial attack or a factual attack. *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "Facial attacks on the complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s. P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)) (other citations omitted and alterations adopted). On the other hand, "factual attacks" challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id.* (quotation marks omitted). In other words, when a party raises a factual attack to subject matter jurisdiction, the court is not obligated to take the allegations in the complaint as true, but may consider extrinsic evidence such as affidavits. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011).

>When the court is confronted with a factual attack:
>
>[T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

**III.    Analysis**

For the reasons explained below, both of Plaintiff's declaratory relief claims are due to be dismissed for lack of subject matter jurisdiction.

**A.    Plaintiff's Duty-to-Indemnify Claim is Not Ripe**

The Mays Auto Defendants first argue that the court lacks subject matter jurisdiction because Plaintiff's request for declaratory relief on the indemnity issue is not ripe. (Doc. # 4 at 1-2). In response, Plaintiff concedes that the indemnity issue is not ripe because the state-court action has not gone to trial yet, but it requests that the court stay consideration of the indemnity issue pending the result of the state-court trial. (Doc. # 7 at 3-4, 8).

First, it is clear that Plaintiff's duty to indemnify the Mays Auto Defendants will depend upon the facts adduced at trial. *See, e.g.*, *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005) (reversing a trial court's holding on an indemnification issue because the duty to indemnify "depend[ed] on the facts adduced at the trial of the action"). Therefore, as Plaintiff concedes, the indemnity issue in this action is not ripe for review. *E.g.*, *Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1211-12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants."); *Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1288 (S.D. Ala. 2016).

Second, Plaintiff's request that the court stay consideration of this issue pending a determination of the insureds' liability in the state-court action is a non-starter. District courts in Alabama have come to different conclusions on whether an unripe duty-to-indemnify declaratory judgment claim can be stayed or must be dismissed without prejudice. *Penn-Star Ins. Co. v.*

*Swords*, 2017 WL 4180889, at *7-9 & n. 13 (N.D. Ala. Sept. 21, 2017) (collecting authorities). The court has carefully considered the cited authorities and concludes that a stay of an unripe claim is not permissible. "The determination of ripeness 'goes to whether the district court [has] subject matter jurisdiction to hear the case.'" *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (quoting *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 7 (11th Cir. 1989)). And, "[s]imply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because the court is powerless to continue asserting jurisdiction over an unripe claim, the court cannot see how it is authorized to stay such a claim until it becomes ripe. Therefore, Plaintiff's declaratory claim regarding its duty to indemnify the Mays Auto Defendants is due to be dismissed *without prejudice*. *E.g.*, *Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008); *Penn-Star Ins. Co.*, 2017 WL 4180889, at *9.

> **B. Plaintiff Has Failed to Establish the Court's Diversity Jurisdiction Over the Duty-to-Defend Declaratory Claim**

All of the Defendants argue that the court lacks subject matter jurisdiction over the duty to defend claim in Plaintiff's Amended Complaint because Plaintiff has not shown that more than $75,000 is at dispute. (Doc. # 4 at 2-3; 13 at 2-6; 14 at 2). After reviewing Plaintiff's Amended Complaint and the exhibits attached to the parties' motions, the court agrees.

Plaintiff contends that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. "Under § 1332, a district court has jurisdiction over any civil case if (1) the parties are 'citizens of different States' and (2) 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "In declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of

5

the underlying claim—not the face amount of the policy." *SUA Ins. Co.*, 751 F. Supp. 2d at 1251 (citations omitted and alteration adopted). Likewise, the court must consider the value of the insurer's obligation to defend an action when determining the amount in controversy if the insurer seeks a declaration that it is not obligated to continue providing a defense. *Id.* (quoting *Stonewall Ins. Co. v. Lopez*, 544 F.2d 198, 199 (5th Cir. 1976)).

Generally, when a plaintiff claims a jurisdictionally sufficient sum in damages, the defendant must show "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

In this case, all of the Defendants have presented a factual challenge to the propriety of diversity jurisdiction over the duty-to-defend claim. (Docs. # 4 at 2-3; 13 at 2-6; 14 at 2). The Mays Auto Defendants have observed that Plaintiff fails to allege the costs of continuing to defend the Mays Auto Defendants in the underlying action. (Doc. # 4 at 2-3). Plaintiff has not remedied that failure in its Amended Complaint, even though an earlier motion to dismiss put it on notice of the issue. Nor has Plaintiff offered evidence of the defense costs it is likely to incur absent a declaration that it is not liable for defense costs. Of course, the court may rely on its judicial experience and common sense to determine whether a diversity action meets the amount

6

in controversy requirement for diversity jurisdiction. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). But, given the limited nature of the ripe declaratory claim currently before the court and the insubstantial record of defense costs presented by the parties, the court cannot say that the duty-to-defend declaratory claim meets the amount in controversy requirement. Therefore, the court concludes that the duty-to-defend declaratory claim is due to be dismissed.

### III. Conclusion

For the reasons explained above, Defendants' Motions to Dismiss (Docs. # 4, 13, 14) are due to be granted. All of Plaintiff's declaratory claims are due to be dismissed without prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 2, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE